# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| AUBREY ADONIS MARTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 15-1037-JWL |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Acting Commissioner of Social Security (hereinafter Commissioner) denying Disability Insurance benefits (DIB) and Supplemental Security Income benefits (SSI) under sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act. 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act). Finding error in the Administrative Law Judge's (ALJ) failure to discuss and to explicitly assign weight to the opinion of Dr. Whitmer, an osteopathic physician who examined Plaintiff at the request of the state Disability Determination Service and provided a report of that examination (R. 1301-02), the court ORDERS that the Commissioner's decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this decision.

**I.     Background**

Plaintiff applied for DIB and SSI benefits in 2009, alleging disability beginning October 23, 2006.  (R. 154, 966).  In due course, the Commissioner denied Plaintiff's applications, Plaintiff sought review of that decision before this court, and the court remanded the case for further proceedings because of errors in the ALJ's evaluation of the medical opinion of Dr. Shafer, Plaintiff's treating physician.  (R. 820-29); see also, Martin v. Astrue, No. 11-1305-CM (D. Kan. Jan. 8, 2013).  On remand, further proceedings were conducted and another decision was issued, once again denying Plaintiff's applications.  (R. 611-30).  Plaintiff now seeks judicial review of that final decision.  (Doc. 1).  Plaintiff argues that the ALJ failed to articulate adequately the bases for finding Plaintiff's condition does not equal the criteria of Listing 1.04, and erred in many respects in assessing Plaintiff's residual functional capacity (RFC), including errors in evaluating Plaintiff's credibility, several medical opinions, and the lay opinion of his mother.

The court's review is guided by the Act.  Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009).  Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard.  Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).  Substantial evidence is more than

a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability. 20 C.F.R. §§ 404.1520, 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether he has a severe impairment(s), and whether the severity of his impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt.

P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner assesses claimant's RFC. 20 C.F.R. § 404.1520(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the sequential process--determining at step four whether, in light of the RFC assessed, claimant can perform his past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

The court finds that remand is necessary because the ALJ erroneously failed to discuss and to explicitly assign weight to the opinion of Dr. Whitmer. Therefore, the court may not, and will not, provide an advisory opinion regarding the step three analysis or the RFC assessment. Plaintiff may make his arguments on these matters on remand.

**II.     Discussion**

As noted above, this case was earlier remanded by a Judge of this District in order for the Commissioner to answer the "crucial questions of the weight given to Dr. Shafer's

opinion and the reasons for that weight." (R. 824). On remand, the ALJ provided a thorough analysis, explaining in great detail the weight given to various portions of Dr. Shafer's opinions, and the reasons for that weight. (R. 623-24). Moreover, he also discussed and accorded weight to the opinions of thirteen other medical care providers including one opinion signed by a Physician's Assistant. (R. 624-28). Before this court, Plaintiff claimed error in the ALJ's evaluation of most, if not all, of those opinions. (Pl. Br. 26-33). And, he also claimed that the ALJ erred in that he failed to discuss or evaluate the opinion provided by Dr. Whitmer in his report of his examination of Plaintiff. Id. at 33. Yet, as Plaintiff pointed out in his Reply Brief, the Commissioner did not respond to a single one of Plaintiff's arguments with regard to these opinions. (Reply 9-11).

For that reason, if no other, the court would be justified to find that the ALJ erred in evaluating these opinions. However, its review of the voluminous medical records reveals that much of the ALJ's findings in that regard are supported by the evidence. Nevertheless, it will not yield to the temptation to weigh the opinion evidence for itself in an attempt to demonstrate error in or to justify the ALJ's evaluations. In any case, remand is necessary because, although the ALJ summarized certain of the findings made on Dr. Whitmer's examination of Plaintiff (R. 620) (citing Ex. B35F pp.3,4 (R. 1301-02)), the decision simply contains no mention of Dr. Whitmer or of his report, and there is no evaluation of his opinions.

Unless a treating source opinion is given controlling weight, <u>all</u> medical opinions will be evaluated by the Commissioner in accordance with factors contained in the regulations. 20 C.F.R. § 416.927(c) (effective March 26, 2012) ("Regardless of its source, we will evaluate every medical opinion we receive."). A medical opinion, even one "on issues reserved to the Commissioner must never be ignored." Social Security Ruling (SSR) 96-5p, West's Soc. Sec. Reporting Serv., Rulings 123-24 (Supp. 2015). Moreover, if the ALJ's RFC assessment conflicts with a medical source opinion, the ALJ must explain why he did not adopt the opinion. SSR 96-8p, West's Soc. Sec. Reporting Serv., Rulings 150 (Supp. 2015). It is also the ALJ's duty to consider and resolve ambiguities and material inconsistencies in the evidence. <u>Id.</u> 149-50. The ALJ erred here in failing to discuss and to explicitly assign weight to the opinion of Dr. Whitmer.

**III. Remand for An Immediate Award of Benefits**

Within the "Conclusion" of his Brief, Plaintiff argues that remand for an immediate award of benefits is necessary and proper in the circumstances of this case. (Pl. Br. 34-36). He argues that substantial evidence requires a finding that Plaintiff is disabled, that it has been more than six years since Plaintiff applied for benefits, and that there is little hope that remand for a third ALJ decision would accomplish a proper adjudication. <u>Id.</u> The Commissioner argues that Plaintiff is not entitled to an award of benefits, and that in order to order an award of benefits, the court would need to reweigh the evidence, a process from which it is prohibited. (Comm'r Br. 10-11).

6

Whether to remand the case for additional fact-finding or for an immediate calculation and award of benefits is within the discretion of the district court. Ragland v. Shalala, 992 F.2d 1056, 1060 (10th Cir. 1993); Taylor v. Callahan, 969 F. Supp. 664, 673 (D. Kan. 1997) (citing Dixon v. Heckler, 811 F.2d 506, 511 (10th Cir. 1987)). In 2006, the Tenth Circuit noted two factors relevant to whether to remand for an immediate award of benefits: Length of time the matter has been pending and "whether or not 'given the available evidence, remand for additional fact-finding would serve [any] useful purpose but would merely delay the receipt of benefits.'" Salazar v. Barnhart, 468 F.3d 615, 626 (10th Cir. 2006) (quoting Harris v. Sec'y of Health & Human Servs., 821 F.2d 541, 545 (10th Cir. 1987); and citing Sisco v. Dep't of Health & Human Servs., 10 F.3d 739, 746 (10th Cir. 1993)).

The decision to direct an award should be made only when the administrative record has been fully developed and when substantial and uncontradicted evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits. Gilliland v. Heckler, 786 F.2d 178, 184, 185 (3rd Cir. 1986). Nevertheless, the Commissioner is not entitled to adjudicate a case ad infinitum until he correctly applies the proper legal standard and gathers evidence to support his conclusion. Sisco, 10 F.3d at 746.

The court finds that an immediate award is not warranted in this case. As Plaintiff argues, there is considerable evidence suggesting that he is disabled. However, there is also considerable evidence suggesting he may not be disabled within the meaning of the Act and regulations. Moreover, the record also contains considerable evidence relied

7

upon by the ALJ in the decision below that Plaintiff's allegations of disabling symptoms are merely self-serving and are not credible.  Reviewing the evidence in this case, it is clear that remand would allow the Commissioner to gather additional, recent evidence, and appropriately weigh all of the evidence to make a proper determination.

However, as Plaintiff argues, this adjudication has been pending for more than six years.  And, the Commissioner's failure in her brief to address errors alleged by Plaintiff before this court (if not the results of the two ALJ decisions previously issued) does not engender great confidence that another remand will result in a properly considered, explained, and supported decision.  If the issue of Plaintiff's disability presents itself again before this court, and if the decision thereon contains reversible errors such as those presented before Judge Murguia and before this court, it is a virtual certainty that the court will conclude at that time that the Commissioner is either unable or unwilling to evaluate this case properly, and will remand for an immediate award of benefits.

**IT IS THEREFORE ORDERED** that the Commissioner's decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent herewith.

Dated this 25th  day of February 2016, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**