# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **AUBREY ADONIS MARTIN,** )<br>)<br>**Plaintiff,** )<br>)<br>**v.** )<br>)<br>)<br>**CAROLYN W. COLVIN,** )<br>**Acting Commissioner of Social Security,** )<br>)<br>**Defendant.** )<br>_____ ) | **CIVIL ACTION**<br><br>**No. 15-1037-JWL** |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's "Application for Attorney Fees Under The Equal Access to Justice Act" (EAJA) (28 U.S.C. § 2412) (Doc. 29). The Commissioner admits that a fee award is proper, but argues that the amount requested is unreasonable because an unreasonable amount of time was expended in preparing Plaintiff's Social Security Brief. The court finds Plaintiff has not met his burden to establish that the amount of time billed in preparation of his Social Security Brief was reasonable, and that Plaintiff's counsel erred in calculating the cost of living increase to establish the hourly rate of compensation. Therefore, the court PARTIALLY GRANTS Plaintiff's motion for attorney fees, allowing 55.10 hours at the rate of $188.00, resulting in a fee award of $10,358.80 as explained hereinafter.

## I.      Background

Plaintiff sought review of the Commissioner's decision denying disability insurance benefits and supplemental security income.  (Doc. 1).  The Commissioner answered and filed the transcript of record with the court.  (Docs. 8, 9).  After briefing was complete, this court determined that the ALJ's "decision simply contains no mention of Dr. Whitmer or of his report, and there is no evaluation of his opinions."  (Doc. 27, p.5).  The court entered judgment remanding the case for a proper evaluation.  (Doc. 28).  Plaintiff now seeks payment of attorney fees pursuant to the EAJA.  (Doc. 29).

Plaintiff's counsel, Mr. David H. M. Gray, has established by attachments to his briefs that:  (1) he has represented Plaintiff pursuant to a contingency fee agreement since October 3, 2011, (2) his customary hourly rate for such cases is $300.00, and (3) he expended sixty-eight and one-tenth hours in representing plaintiff including:  (a) fifty-one and seventy-five hundredths hours reading, researching, and writing plaintiff's brief in the case, (b) ten hours reading, researching, and writing a reply brief, (c) one and one-half of an hour preparing an EAJA fee brief, and (e) three hours researching and preparing an EAJA reply brief.  Plaintiff's counsel also asserts that the fee cap under the EAJA, adjusted for cost of living increases, is $190.62 per hour.

## II.     Legal Standard

The court has a duty to evaluate the reasonableness of every fee request.  <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433-34 (1983).  The EAJA,[1] 28 U.S.C. § 2412, requires that a court award a fee to a prevailing plaintiff unless the court finds that the position of the United States was substantially justified.  <u>Gilbert v. Shalala</u>, 45 F.3d 1391, 1394 (10th Cir. 1995) (citing <u>Estate of Smith v. O'Halloran</u>, 930 F.2d 1496, 1501 (10th Cir. 1991)).  The test for substantial justification is one of reasonableness in law and fact.  <u>Id.</u>  The Commissioner bears the burden to show substantial justification for her position.  <u>Id.</u>; <u>Estate of Smith</u>, 930 F.2d at 1501.  The maximum fee of $125 per hour provided in § 2412(d)(2)(A), if awarded, may be adjusted for increases in the cost of living.  <u>Harris v. R.R. Ret. Bd.</u> 990 F.2d 519, 521 (10th Cir. 1993); 28 U.S.C. § 2412(d)(2)(A)(ii).  The Commissioner does not argue that the position of the United States was substantially justified.

---

[1]In relevant part, the EAJA states:

(d)(1)(A) . . . a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. . . .

(2)(A) For the purposes of this subsection--

. . . (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, . . . justifies a higher fee.

28 U.S.C. § 2412.

The party seeking attorney fees bears the burden of proving that his request is reasonable and must "submit evidence supporting the hours worked." Hensley, 461 U.S. at 433, 434.  The objecting party has the burden to challenge, through affidavit or brief, with sufficient specificity to provide notice to the fee applicant the portion of the fee petition which must be defended.  Bell v. United Princeton Prop., Inc., 884 F.2d 713, 715 (3d Cir. 1989).

III.   **Discussion**

   A.   **Arguments**

The Commissioner agrees that award of a fee under the EAJA is appropriate in this case but disagrees with the amount of the fee requested.  She argues that the court should strike 13 hours from the requested fee because counsel's "time records do not demonstrate what portion of time was devoted to research, and because Plaintiff has not demonstrated that over 65 hours was reasonable" in arguing the case before this court. (Doc. 30, p.2).  She argues that Plaintiff's counsel explained his experience and expertise in dealing with Social Security disability cases, and she asserts that an attorney so well qualified as he should not take over fifty hours to research and write a Social Security brief in a case such as this.  Id.  She argues that the issues raised in Plaintiff's Brief are common issues in Social Security cases, and such an experienced attorney should need little time to identify the issues, should rely on research performed in earlier cases, and should "handle the case with greater efficiency and with the expenditure of less time."  Id. at 2 (quoting Doc. 29, Attach 2, pp.1-2).  She argues that Plaintiff's Social Security Brief

reveals that such an experienced attorney should need little research time to update the relevant and controlling legal principles since "every case Plaintiff cited in her [sic] opening brief was at least five years old, . . . most (including all but one of the appellate cases) were more than a decade old," and "the majority of the cases Plaintiff cited pre-date 1996."  (Doc. 30, p.3).

Plaintiff's counsel argues that he used "block billing," that the Commissioner does not argue that the activities which were billed include time which is non-compensable under the EAJA, and that the Commissioner cites no authority for discounting fees on the basis of inadequate specification of the time spent.  (Doc. 35, pp.1-3).  He argues that "the court has sufficient expertise . . . to assess the reasonableness of the time expended preparing Plaintiff's Brief on the basis of the information provided."  Id. at 3.  Counsel argues that his expertise required less time than would have been expended by a practitioner of lesser expertise, id. at 4, and that the issues here, although present in many Social Security cases, were not routine and involved arguments regarding error in evaluating fifteen medical opinions.  Id. at 5-6.  He argues that the record in this case, at 1406 pages, was long and complex and should require more preparation time than the "typical" Social Security case, and that Plaintiff's Social Security Brief, at 36 pages, was long, thus requiring more time to write.  Id. at 7-8.  And, he argues that the age of the cases upon which an argument relies "is entirely irrelevant to the time expended doing the research.  Id. at 8.

The court finds that the time involved in briefing was excessive and unreasonable for a case of this level of difficulty for a practitioner of counsel's experience and expertise.  It accepts the Commissioner's proposal that a reasonable adjustment to correct the time charged is to reduce the time for Plaintiff's Social Security Brief by thirteen hours, or approximately one-fourth.  Moreover, when evaluating the reasonableness of the attorney fee, the court determined that counsel used the wrong work year in computing the adjustment in the cost of living for the allowable hourly rate.  Using the CPI Inflation Calculator, as did Plaintiff, but using 2015 as the year in which the majority of the work was done in this case provides an adjusted hourly rate of approximately $188.00, and that is the rate the court applies to the fees assessed here.

### B.    Analysis

Counsel's claims that his use of "block billing" provided sufficient itemization of the fees requested, and that the fee should not be discounted for inadequate itemization miss the point of the Commissioner's argument in this regard.  The Commissioner's argument is that based on the experience and expertise of Plaintiff's counsel, the frequency with which the issues raised here occur in Social Security cases, and the relative age of the cases on which Plaintiff's arguments relied, a great deal of legal research should not have been required in preparing Plaintiff's Social Security Brief and it was unreasonable to charge for nearly fifty-two hours' work in preparing that brief. She argues that 13 hours of time should be stricken, in part, because counsel's failure to

identify the specific time spent on legal research leaves the court with only an approximation to use in reducing the fees allowed.  The court agrees.

Plaintiff's counsel, by affidavit, and confirmed by the court's knowledge acquired by years of reviewing Social Security cases involving claimants represented by this counsel, has established that he is an experienced practitioner with considerable expertise in Social Security law and representation.  In fact, a query of the court's CM/ECF system reveals that Mr. Gray has been counsel of record before this court in 292 cases since 1983--of which 287 cases involved judicial review of Social Security decisions.  Moreover, as noted in the court's decision in this case, this case is an appeal of a decision of the Commissioner made after a previous remand by a court of this District.  (Doc. 27, p.4); see also Martin v. Astrue, No. 11-1305-CM (Doc. 28) (D. Kan. Jan. 8, 2013).  Mr. Gray was counsel of record in that case.  Martin v. Astrue, No. 11-1305-CM (Docket sheet).  This experience and expertise should have resulted in the handling of this case with the expenditure of less time in legal research because counsel is familiar with Tenth Circuit law and should be able to find the law, and apply the law to particular situations because of his familiarity.  Moreover, once having done so, counsel should have been able to check the currency of the principles relied upon without having to engage in completely new research.

Further, counsel represents that he has performed "previous briefing of many legal issues involved in this case."  (Doc. 35, Attach 2, p.1).  Therefore, further time should have been saved in using the previous briefing, and merely adapting it to the facts and

circumstances present in this case.  And, counsel's familiarity with this case because he represented Plaintiff since October, 2011 and represented Plaintiff in an earlier appeal in this case before a court of this District, should have provided even greater time savings in review of the record, identification of issues, and preparation of the brief.

Counsel responds that he in fact required less time than would have been expended by a practitioner of less expertise, but his argument is merely a tautology which adds no substance to the claim.  Counsel is correct that his brief included claims of error in fifteen medical opinions, but it also ignores that remand was based on consideration of only one of those opinions, and that the court specifically noted "its review of the voluminous medical records reveals that much of the ALJ's findings [regarding medical opinions] are supported by the evidence."  (Doc. 27, p.5).

Counsel's argument that the age of the cases upon which his brief relied "is entirely irrelevant to the time expended doing the research" (Doc. 35, p.8) ignores that a practitioner of such experience and expertise should be familiar with longstanding controlling principles of law in this circuit, and with current developments in the law, and that his research should therefore involve only bringing the law up to date as it relates to this case, or researching some new or novel issue or argument presented.  But, the court did not recognize any new and novel issues presented in this case, and counsel does not point to such an issue justifying the time charged.  Counsel also points to the voluminous record at 1400 pages and the lengthy brief which was 36 pages.  However, his argument does not explain how these factors negated any efficiencies that should have been realized

from the factors discussed above.  Counsel has failed to demonstrate the reasonableness

of the time charged in his fee request.  Nor has he established the specific time spent

researching or writing the brief.  The court finds that a reduction of thirteen hours (or

about one fourth) of the time charged results in a reasonable approximation of the time

reasonably required to prepare Plaintiff's Social Security Brief

The next question is what is a reasonable rate at which to charge for the work

performed.  When requesting fees, counsel used the Bureau of Labor Statistics' online

"CPI Inflation Calculator" to calculate the allowable rate adjusted for inflation, printed

the results, labeled it "Exhibit C," and attached it to his motion as Attachment 3.  (Doc.

29, Attach. 3).  He stated that the calculator provides that $125 in 1996 when adjusted for

inflation equates to an appropriate fee of $190.62 today.  (Doc. 29, p.2).  As Plaintiff

asserts, the attachment to his motion displays an input of $125.00 in 1996, and a result of

$190.62 in 2016.  But, 2016 is not the year in which counsel earned his fee in this case.

First, Plaintiff's presentation of evidence of a cost of living increase does not mandate a

proportionate increase in the hourly fee rate, because such matters are firmly vested in the

district court's discretion under the EAJA.  Headlee v. Bowen, 869 F.2d 548, 551-52

(10th Cir. 1989).  Moreover, because the EAJA did not waive sovereign immunity from

prejudgment interest, any cost of living adjustment must be made according to the

consumer price index for the year in which the fees were earned.  Sorenson v. Mink, 239

F.3d 1140, 1148-49 (9th Cir. 2001) (joining "the other circuit courts that have considered

the relationship between the EAJA's cost-of-living provisions and the principles of

sovereign immunity from prejudgment interest") (and citing <u>Kerin v. U. S. Postal Serv.</u>, 218 F.3d 185, 194 (2d Cir. 2000); <u>Masonry Masters, Inc. v. Nelson</u>, 105 F.3d 708, 711 (D.C. Cir. 1997); <u>Marcus v. Shalala</u>, 17 F.3d 1033, 1040 (7th Cir. 1994); <u>Perales v. Casillas</u>, 950 F.2d 1066, 1076-77 (5th Cir. 1992); and <u>Chiu v. United States</u>, 948 F.2d 711, 720 (Fed. Cir. 1991)).

The Complaint was filed on February 6, 2015.  (Doc. 1).  All briefing in this case, except for Plaintiff's reply brief was completed in 2015.  (Docs. 18, 21).  Plaintiff's Reply Brief was first due on November 9, 2015, and it was only after counsel requested an extension of time, missed that deadline, and ultimately requested permission to file out of time that Plaintiff's reply Brief was eventually filed on February 16, 2016.  (Docs. 22, 24, 26).  The result is that counsel's time records reveal 53.25 hours were completed in 2015 and all of those were completed by August 26, 2015.  (Doc. 29, Attach. 2, p.3).  Ten hour's work on Plaintiff's Reply Brief was performed in February 2016 after counsel's oversight moved the reply into 2016.  <u>Id.</u>  Since then, less than five hour's work has been performed in 2016, primarily dealing with this fee application.  <u>Id.</u>; (Doc. 35, p.9).  Nearly eighty percent of the work on this case was done in the first eight months of 2015, and the work done thereafter was in the first six months of 2016, except that at counsel's request his reply on the fee motion was delayed till July 25, 2016.  (Docs.  31-34).  The court finds that most of the work done in this case was done in 2015.  Using the "CPI Inflation Calculator" results in an allowable fee cap of $188.83 in 2015, which for ease of

computation, the court rounded down to $180.00, and when applied to a reasonable

expenditure of 55.10 hours resulting in a fee award of $10,358.80.

**IT IS THEREFORE ORDERED** that plaintiff's "Application for Attorney Fees

under the Equal Access to Justice Act" (Doc. 29) be GRANTED in part and DENIED in

part, and that fees be awarded in the sum of $10,358.80.

Dated this 29th day of July 2016, at Kansas City, Kansas.


s:/   John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**